UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60326-CIV-MARRA

BENNETT MARINE, INC.,
a Florida corporation

    Plaintiff

vs.

LENCO MARINE, INC., a Florida
Corporation et al.,

    Defendants.
_____/

## ORDER

    This cause is before the Court upon Defendant Rinker Boat Company, LLC's ("Rinker") Motion for Leave to Brief Claim Construction [DE 190], filed December 10, 2007. Plaintiff Bennett Marine, Inc. ("Plaintiff") opposes this application. The Court has carefully considered the motion and is otherwise fully advised in the premises.

    Defendant Rinker requests an opportunity to brief and argue the claim construction of certain claim language of the patent at issue in the case. Rinker claims that Plaintiff strategically delayed addition of it as a defendant until after the Court issued the Markman ruling. Moreover, Rinker argues that it would be a violation of its due process rights to preclude it from making argument to the Court regarding claim construction. Lastly, Rinker notes that is a separate defendant from Lenco, the defendant who litigated the Markman issue against Plaintiff.

    Plaintiff strenuously objects to any reopening of the Markman issue, claiming that claim construction is a matter of law, that Rinker is in privity with Lenco, and that Lenco adequately represented Rinker's interests at the Markman hearing. In making its arguments, Plaintiff cites to

several cases addressing collateral estoppel.

After careful consideration of the arguments of both parties, the Court concludes that Rinker should be given leave to brief the claim construction issue.  Of critical importance in making that ruling is the Court's recognition that no final judgment has been rendered in this case.  As such, it is within in the Court's discretion to change an interlocutory ruling in the interest of furthering the administration of justice.  "[T]he trial judge is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of substantive law." Sweeney v. Alabama Alcoholic Beverage Control Bd., 117 F. Supp. 2d 1266, 1268 (M.D. Ala. 2000); see also Bon Air Hotel, Inc. v. Time, 426 F.2d 858, 862 (5th Cir.1970)[1] ("the court at any time before final decree" can "modify or rescind" summary judgment order) quoting John Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 88 (1922).  In the interest of justice, the Court has determined that Rinker, a new defendant in this suit, should be afforded a full and fair opportunity to litigate the claim at issue and make its own defense.  Cf. Blonder-Tongue Labs., Inc. v. University of Illinois Foundation, 402 U.S. 313 (1971) (once a patent has been declared invalid by judicial inquiry, collateral estoppel exists against further litigation involving the patent unless the plaintiff can demonstrate that it was denied a full and fair chance to litigate the patent's validity in the earlier case). As such, the Court chooses to exercise its discretion to reconsider its prior Markman ruling.

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Despite the parties' agreement that the Court should apply the doctrines of collateral estoppel and res judicata in reaching its conclusion, the Court disagrees.  Those doctrines address the "preclusive effect of a judgment in foreclosing relitigation of matters that were litigated or could have been litigated *in an earlier suit*."  I.A. Durbin, Inc. v. Jefferson National Bank, 793 F.2d 1541, 1549 (11th Cir. 1986) citing Migra v. Warren City School District Board of Education, 465 U.S. 75, 77 n. 1 (1984); Interstate Pipe Maintenance, Inc. v. FMC Corp., 775 F.2d 1495, 1497 (11th Cir.1985) (emphasis added).  Here, the Court is not faced with deciding the effect of its Markman ruling in a subsequent lawsuit and therefore these doctrines are inapplicable. Lastly, none of Plaintiff's remaining arguments persuade the Court that Rinker should not have the opportunity to brief this issue.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that  Defendant Rinker Boat Company, LLC's ("Rinker") Motion for Leave to Brief Claim Construction [DE 190] is **GRANTED**.  Rinker shall file its brief no later than January 31, 2008.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 3rd day of January 2007.

                                                             _____
                                                             KENNETH A.  MARRA
                                                             United States District Judge

Copies to:

All counsel of record